
# SERCARZ & RIOPELLE, LLP

950 THIRD AVENUE, 32ND FLOOR
NEW YORK, NEW YORK 10022
021(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

_____

*Admitted in New Jersey

September 17, 2021

**BY ECF FILING**

Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, NY  11722-9014

       Re: United States v. Abdulrahman Khwaja,
        Cr 18-292 (JMA) (S-1)

Dear Judge Azrack:

  I represent Abdulrahman Khwaja in connection with the above-referenced superseding indictment.

  I write on behalf of my client, and his co-defendants Shikeba Rahmatzada, Rana Rahimi, and Roberto Saenz (collectively, the "moving defendants" or the "National defendants"), to reply to the government's letter of September 10, 2021, and in further support of the moving defendants' motion to sever their trial on the above-referenced superseding indictment from that of their co-defendants pursuant to Federal Rules of Criminal Procedure 8 and 14.  For all the reasons stated below; for the reasons stated in the moving defendants' Omnibus Motion; and for the reasons stated in the moving defendants' additional filings in support of their motion to sever, the Court should grant the moving defendants' motion to sever their trial from the trials of defendants Nader Mohammad Farhat, Enaytullah Khwaja, and Naseem Bokhari (the "Tronix defendants").

  **A. There Is No Connection Between the National Defendants And The Tronix Defendants Sufficient To Establish A Single Conspiracy**

  When the moving defendants filed their Omnibus Motion in March 2020, they argued and cited proof for the assertion that there were neither any financial transactions

1

between the National defendants and the Tronix defendants, nor any communications between them in furtherance of the crimes charged in the indictment. The government has been on notice for a year and a half that the National defendants contend there is no proof to link the financial transactions they engaged in with the financial transactions the Tronix defendants engaged in so as to establish the single conspiracy charged in the indictment.

Despite this long notice period, and despite the many months of wire-tapping the government undertook during its investigation of this case, the government's September 10, 2021 letter – like the briefs it has filed before – cited no communication whatsoever between the National defendants and the Tronix defendants in furtherance of the alleged conspiracy. That is an astonishing fact. *Not once* in the many months it monitored the National defendants' phones and the Tronix defendants' phones did the government contend it had overheard any of the National defendants discuss a joint transaction with the Tronix defendants in furtherance of the charged conspiracy. *Not one* of the thousands of intercepted calls demonstrated a joint criminal enterprise between the National defendants and the Tronix defendants charged in the indictment. Thus, with respect to the core of its purported proof, the government has utterly failed to show, *and apparently cannot show*, any joint activity between the National defendants and the Tronix defendants.

The same is true with respect to the financial transactions of the two distinct sets of defendants. Two years ago, the National defendants filed their motion for release of most of the funds seized by the government from them, because the funds were demonstrably disconnected from any alleged money laundering activity. In connection with that motion, the National defendants filed a forensic accounting analysis demonstrating that the National defendants and the Tronix defendants *never* did any business of any kind together during the period of the conspiracy charged in the indictment in this case. The government has thus been on notice for two years the National defendants contend there is no proof at all that National's business had any sort of interdependence with or gave assistance to or even engaged in any business transactions whatsoever with Tronix. And yet, despite having *two years* to scour the proof gathered during the investigation of this case, the government's September 10 letter does not cite a single transaction to suggest that the National defendants and the Tronix defendants were engaged in any joint enterprise that could possibly be charged as a conspiracy.

Instead, the government argues only that the National defendants and the Tronix defendants both dealt with their co-defendant Farhat, who caused funds to be sent to either the National defendants or the Tronix defendants at different times, in connection with different and distinct business transactions. Govt. Letter dated September 10, 2021 (Dkt. No. 140), p. 4. The government also argues that both the National defendants and the Tronix defendants structured cash deposits into their respective bank accounts, at different times, in separate and distinct transactions. *Id.* The government does not argue – and certainly does not cite any proof – that any transaction between Farhat and the

National defendants benefitted the Tronix defendants in any way, or *vice versa*. Nor does the government argue – let alone show – that any payment made by Farhat to the Tronix defendants was shared with the National defendants, or *vice versa*. And the government does not argue or show how any allegedly structured deposit made by the National defendants in National's bank accounts benefitted the Tronix defendants, or *vice versa*. After years of briefing and argument, the government simply cannot show that any of the transactions between Farhat and the Tronix defendants, or any transactions between Farhat and the National defendants, or any alleged structuring transactions, were for the mutual benefit of all the defendants. In the absence of such proof, the charges against the National defendants and the Tronix defendants must be severed from each other, because the two sets of defendants are mis-joined in a single conspiracy. Fed. R. Crim. Pro. 8(b); *Kotteakos v. United States*, 328 U.S. 750, 775 (1946).

### B. The Obstruction Counts Are Mis-joined And So Prejudicial They Require A Severance Of The National Defendants From The Tronix Defendants

The government's September 10 Letter *makes no argument whatsoever* as to why the obstruction-related counts against Enyatullah Khwaja and Naseem Bokhari are part of a single, continuing series of events, and are therefore properly joined in the superseding indictment against all the defendants under Federal Rule of Criminal Procedure 8. The government makes no rejoinder to the National defendants' argument in their August 25, 2021 letter that the obstruction-related conduct alleged in the indictment has nothing to do with any of the National defendants, and extends for months beyond the date when the conspiracy against the National defendants allegedly ended. *See* Letter of Michael Tremonte dated August 25, 2021 (Dkt. 137) at p. 4. The evidence of the alleged obstruction is inadmissible for any purpose against the National defendants, and the government apparently concedes this fact. The obstruction-related counts are therefore mis-joined in the superseding indictment against the National defendants because they are not part of one continuing series of events involving the National defendants, and the obstruction-related counts must be severed for trial pursuant to Federal Rule of Criminal Procedure 8. Respectfully, the Tronix defendants against whom the obstruction-related counts are directed, should be severed for trial with those counts.

District Courts sever obstruction counts from other counts against a single defendant, in circumstances where a crime and a subsequent attempt to obstruct justice after arrest are "two distinct efforts that lack a shared objective." *See United States v. Oaks,* 285 F. Supp. 3d 876, 880 (D. Maryland 2018). Moreover, the courts are quite willing to sever obstruction-related counts from substantive counts where the prejudice to a single defendant of trying both substantive counts and obstruction-related counts together is evident. *Oaks,* 285 F. Supp. 3d at 882-83; *United States v. Gilbert*, 92 F. Supp. 2d 1, 6-7 (D. Mass. 2000).

If the Courts are willing to sever one or more obstruction-related counts from substantive counts against a single defendant because a joint trial of such counts would

violate Rule 8 or would be unfairly prejudicial to a single defendant, the present case presents even more compelling grounds for a severance of the National defendants from the Tronix defendants. The government concedes that the obstruction-related counts have nothing to do with the National defendants. A trial of those counts together with the other myriad and confusing counts in the superseding indictment (many of which are not directed at the National defendants) will inevitably result in unfair spillover prejudice against the National defendants, even though they are not charged in the obstruction-related counts. To prevent this, the Court should sever the trial of the National defendants from that of the Tronix defendants.

For all these reasons, as well as those stated in their previous briefs and submissions, the National defendants respectfully submit that their motion to sever their trial from the trial of the Tronix defendants should be granted.

                                                  Respectfully submitted.

                                                  *Roland G. Riopelle*
                                                  Roland G. Riopelle

Cc:     All Counsel (By ECF Filing)