```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    -against-                          ORDER
                                                       18-CR-292 (JMA)
ABDULRAHMAN KHWAJA,

                                    Defendant.
----------------------------------------------------------------------X
```

**FILED**
**CLERK**
12:33 pm, Jul 20, 2023
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is Defendant Abdulrahman Khwaja's motion for the release of funds seized by the Government for forfeiture. (ECF Nos. 265, 270.) At a hearing held yesterday, July 19, 2023, the Court denied Defendant's motion. The Court writes now to explain its ruling.

Although Defendant was acquitted at trial, his former codefendant, Nader Mohamad Farhat, pled guilty in the Southern District of Florida (following his Rule 20 transfer from this District) to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (See Plea Agreement, United States v. Farhat, No. 22-CR-20339 (S.D. Fla. Aug. 30, 2022), ECF No. 13.) As part of his guilty plea, Farhat agreed to forfeit the very funds that Defendant seeks to have released. (Id. at 4–7.) Specifically, Farhat agreed to forfeiture under 18 U.S.C. § 982(a)(1), which provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of [18 U.S.C. §] 1956, . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

The procedures regarding forfeiture under section 982(a)(1), "including any seizure and disposition of the property and any related judicial or administrative proceeding," are governed by the provisions of 21 U.S.C. § 853. Id. § 982(b)(1). And it is well-settled that should an innocent third party claim a legal interest in the forfeitable property, "an ancillary proceeding under § 853(n) is 'the only avenue'" by which the third party may lay claim to the property. United States v.

Watts, 786 F.3d 152, 175 (2d Cir. 2015) (quoting De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) and citing DSI Associates LLC v. United States, 496 F.3d 175, 183–84 (2d Cir. 2007)); see also Libretti v. United States, 516 U.S. 29, 44 (1995) ("Once the Government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."). This is so because the section 853 "statutory scheme bars commencement of 'an action at law or equity against the United States concerning the validity of [a third party's] alleged interest in the property . . . subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture" under the statute. United States v. Parnas, No. 19-CR-725, 2023 WL 4561589, at *1 (S.D.N.Y. July 17, 2023) (quoting De Almeida, 459 F.3d at 381).

This bar remains in place even where, as here, one defendant is acquitted of the charge triggering forfeiture, but a codefendant is convicted of the same charge or another charge that requires forfeiture. See United States v. Bikundi, 125 F. Supp. 3d 178, 187 n.5 (D.D.C. 2015) ("The government correctly notes that the defendant will be in the position of a third party challenging the forfeiture of specific property if his [codefendant] is convicted on [c]ounts . . . for which she is the only charged defendant, or if he is acquitted on [c]ounts . . . but another defendant is found guilty of those counts and the Government establishes the requisite nexus . . . . [a]s a third party, the defendant will be able to employ the procedures set out in 21 U.S.C. § 853(n) and [Fed. R. Crim. P.] 32.2(c)[.]" (internal quotation marks and citations omitted)).

For the reasons explained above, the Court concludes that it lacks jurisdiction to grant Defendant's requested relief, and therefore DENIES his motion. The forfeiture proceedings flowing from Farhat's guilty plea will be conducted in the Southern District of Florida, the court that will "impos[e] sentence" on him for his violation of 18 U.S.C. § 1956(h). 18 U.S.C. §

982(a)(1).  Defendant's remedy lies in an ancillary proceeding held in the Southern District of Florida pursuant to section 853(n) and Rule 32.2(c).[1]

**SO ORDERED.**

Dated:  July 20, 2023
Central Islip, New York

                                                              /s/   (JMA)
                                                           JOAN M. AZRACK
                                                           UNITED STATES DISTRICT JUDGE

---

[1]    At the hearing, Defendant's counsel insisted that Farhat has no ownership interest in the seized funds, and therefore the Government cannot seek their forfeiture by virtue of Farhat's guilty plea.  But this misunderstands the statutory framework.  Section 982(a)(1) mandates forfeiture of "any property, real or personal, involved in such offense, or any property traceable to such property."  Defendant thus fails to recognize that "[t]he statutory wording makes sufficiently clear that criminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches <u>any</u> property that is 'involved' in the offense."  <u>De Almeida</u>, 459 F.3d at 381; <u>see also</u> <u>United States v. Romano</u>, No. 09-CR-00168, 2021 WL 1711633, at *5 (E.D.N.Y. Apr. 29, 2021) ("[T]he term 'involved in' consistently has been interpreted broadly by courts to include any property involved in, used to commit, or used to facilitate the money laundering offense." (citations omitted)).  Although this Court will not decide whether the seized funds at issue were "involved" in Farhat's criminal conduct, it notes that section 853 expressly contemplates "[t]he likelihood that some property involved in an offense will be owned by persons other than the criminal defendant," which "is reflected in the provision for an ancillary proceeding."  <u>De Almeida</u>, 459 F.3d at 381; <u>see also</u> <u>Watts</u>, 786 F.3d at 175 ("[T]here is no doubt that § 853 protects third parties by entitling them to ancillary hearings on their claims[.]").